UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| GINSENG BOARD OF WISCONSIN, INC., a Wisconsin, non-profit, non-stock corporation, | ] ] ] ] | |
| Plaintiff, | ] ] | Case No: 1:15-cv-4057 |
| vs. | ] ] | Judge: Magistrate Judge: |
| YIN WALL CITY, INC., an Illinois corporation;YIN WALL CITY, INC., a Texas corporation;YIN WALL CITY, DALLAS INC., a Texas Corporation; SUT I. FONG; and CHEONG SAT O; | ] ] ] ] ] ] | JURY DEMANDED |
| Defendants. | ] | |

**COMPLAINT**

THE PLAINTIFF, Ginseng Board of Wisconsin, Inc., by its attorney, Michael T.

Hopkins, as and for a Complaint against the Defendants, Yin Wall City, Inc.; Sut I. Fong; Cheong

Sat O; Yin Wall City, Inc.; and Yin Wall City, Dallas Inc., alleges and shows to the Court as

follows, to wit:

JURISDICTION

1. The Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §1331

and 15 U.S.C. §1121(a) as this action arises under the Federal Trademark Act, 15 U.S.C. §1051,

et seq. The Court also has diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), as this case

arises between citizens of different states and the amount in controversy exceed $75,000.00.

VENUE

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) and (3), and 28 U.S.C. §1391(c), as one or more of the Defendants reside within this District and a substantial part of the events giving rise to this claim arose within this District.

PARTIES

3. The Plaintiff, Ginseng Board of Wisconsin, Inc. (hereinafter "GBW"), is a non-stock, not for profit corporation organized and existing pursuant to the laws of the State of Wisconsin, having its principal and only corporate office located at 668 Maratech Avenue, Suite E, Marathon City, Wisconsin.

4. The Defendant, Yin Wall City, Inc. is an Illinois corporation having its principal corporate office located in Chicago, Illinois, and which, as its principal corporate activity, is engaged in the sale of food, food stuffs and other related goods, including ginseng root and other consumable products containing ginseng, at wholesale and retail.

5. The Defendant, Yin Wall City, Inc. is a Texas corporation having its principal corporate office located in Houston, Texas, and which, as its principal corporate activity, is engaged in the sale of food, food stuffs and other related goods, including ginseng root and other consumable products containing ginseng, at wholesale and retail.

6. The Defendant, Yin Wall City, Dallas Inc. is aTexas corporation having its principal corporate office located in Houston, Texas, and which, as its principal corporate activity, is engaged in the sale of food, food stuffs and other related goods, including ginseng root and other consumable products containing ginseng, at wholesale and retail.

7. The Defendant, Sut I. Fong, is an adult individual whose principal residence is located in Chicago, Illinois, and is a principal officer, director and shareholder of each of the corporate Defendants.

8. The Defendant, Cheong Sat O, is an adult individual whose principal residence is located in Chicago, Illinois, and is a principal officer, director and shareholder of each of the corporate Defendants.

FACTS

9. The creation of GBW was authorized by a marketing order (Wis. Admin. Code ATCP 148) issued by Wisconsin's Department of Agriculture, Trade and Consumer Protection pursuant to Wis.Stats. Chapter 96 and ATCP 140.

10. All ginseng farmers in the State of Wisconsin are assessed annual fees for the operation of the GBW, and all ginseng farmers in the State of Wisconsin are eligible to vote for the election of members of the GBW.

11. The primary objectives of the GBW are to "improve the quality and expand sales of ginseng," including the development of "new markets for ginseng and ginseng products" (ATCP148.02(1)), for the benefit of all Wisconsin ginseng farmers.

12. Ginseng root grown in Wisconsin is sold at a premium on the world market of two and one-half to three and one-half times the price of ginseng root grown elsewhere, due to its purity and high levels of ginsenocide, the medicinal active ingredient found in ginseng root.

13. The corporate Defendants identified in paragraphs 4-6, supra (hereinafter collectively referred to as YWC) each sell packages of ginseng root which are clearly marked as containing ginseng grown in Wisconsin, when in fact the ginseng root contained therein originated from and was grown in China and other foreign locations.

14. YWC, and each of them, have conspired and agreed, in the State of Illinois and elsewhere, to falsely designate and describe the origin and nature of the ginseng root they sell, so as to cause mistake by and deceive the consuming public and others regarding its origin and nature, thereby enabling them to sell the inferior ginseng root imported from foreign locations at a premium, as described above.

15. YWC, and each of them, have conspired and agreed, in the State of Illinois and elsewhere, to utilize commercial advertising which misrepresents the nature, characteristics and origin of the ginseng root they sell so that YWC may sell the inferior ginseng root imported from foreign locations at a premium, as described above.

16. The conduct of YWC, described above, was performed and accomplished through the direction, control, conduct and instructions of the Defendants, Fong and Sat O, personally and as directors, shareholders and principal officers of YWC. Fong and Sat O had the ability to prevent YWC from engaging in the tortious conduct referred to above and/or to stop said conduct once it began. Further, Fong and Sat O have received pecuniary benefit from YWC's tortious conduct. Accordingly, Fong and Sat O are personally liable to GBW for the tortious conduct of YWC, described above.

CAUSE OF ACTION - VIOLATION OF 15 U.S.C. §1125(a)

17. GBW realleges and incorporates, as if fully set forth herein, each and every allegation contained in paragraphs 3 through 16, supra.

18. The conduct of the Defendants, and each of them, described above, is likely to cause injury and damage to GBW and the Wisconsin ginseng growers which it represents by:

    a)      flooding the U.S. and world markets with ginseng root which purports to be grown in Wisconsin, thereby depressing the price at which ginseng root actually grown in Wisconsin may be sold;

    b)      decreasing the number of individuals (market) purchasing ginseng root actually grown in Wisconsin; and

    c)      selling ginseng root of poor and deficient quality identified as Wisconsin ginseng root, thereby eroding the status and desirability of Wisconsin ginseng in the mind of the consuming public, decreasing overall market demand for Wisconsin grown ginseng.

19. By engaging in the false and misleading conduct identified above, the Defendants have engaged in false advertising and unfair competition in violation of §43(a) of the U.S. Lanham Act, 15 U.S.C. §1125(a).

20. Pursuant to §35(a) of the U.S. Lanham Act, 15 U.S.C. §1117(a), GBW is entitled to recover of the Defendants, jointly and severally, the profits Defendants obtained from selling the ginseng root described above, trebled, together with its actual attorney fees and costs, as an exceptional case.

21. Pursuant to §36 of the U.S. Lanham Act, 15 U.S.C. §1118, GBW requests that an order be entered instructing the U.S. Marshall to seize and thereinafter destroy all packages of ginseng root described above, and all like packaging materials in Defendants' possession and control.

WHEREFORE, the Plaintiff, Ginseng Board of Wisconsin, Inc., hereby demands that judgment be entered in its favor and against the Defendants, Yin Wall City, Inc.; Yin Wall City, Inc.; Yin Wall City, Dallas Inc.; Sut I. Fong; and Choeng Sat O, jointly and severally, as follows:

A. Awarding GBW treble the profits obtained by Defendants from the sale of ginseng root described above, pursuant to 15 U.S.C. §1117(a);

B. Awarding GBW the actual costs and attorney fees incurred in prosecution of this matter as an exceptional case, pursuant to 15 U.S.C. §1117(a);

C. Ordering the U.S. Marshall to seize and thereinafter destroy all packages of ginseng root described above, and all like packaging materials in Defendants' possession and control; and

D. Such other relief as the Court may deem just and equitable.

Dated this 7th day of May, 2015.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

                         _____/s/ Michael T. Hopkins_____.
                         Michael T. Hopkins,
                         LEAD COUNSEL

                         NDIL Bar No: 90785581
                         WI Bar No: 1014792

                         757 N. Broadway, Suite 201
                         Milwaukee, WI  53202

mth@ip-lit.us
Tel/Fax: 888-227-1655


and


_____/s/ Ross Drath_____.
Ross Drath
LOCAL COUNSEL

Illinois ARDC No: 6312707

Davis McGrath LLC
125 S. Wacker Drive, Suite 1700
Chicago, IL  60606

rdrath@davismcgrath.com
Tel: 312-332-3033
Fax: 312-332-6376

attorneys for Plaintiff